IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**1:07CV2405**

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO. |
| Plaintiff, | ) ) ) | JUDGE **JUDGE POLSTER** |
| vs. | ) ) | |
| SAFERENT, INC., | ) ) | <u>NOTICE OF REMOVAL</u> |
| Defendant. | ) ) | **MAG. JUDGE PERELMAN** |

Defendant, SafeRent, Inc., by counsel and pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, hereby files this Notice of Removal and notifies this court and the Plaintiff, c/o Lester S. Potash ("Plaintiff") of the removal of Plaintiff's action styled John Doe v. SafeRent, Inc., Docket No. CV 07 628912, pending in the Court of Common Pleas of Cuyahoga County, State of Ohio. As grounds for Removal, Defendant hereby states that this Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a), and the action may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 for the following reasons:

1. On July 3, 2007, Plaintiff filed a Summons and Complaint in the Court of Common Pleas of Cuyahoga County, Ohio, naming as Defendant in this action SafeRent, Inc. ("SafeRent"). A true and correct copy of the Summons and Complaint are attached hereto as Exhibit "A."

2. In the Complaint, Plaintiff alleges claims of common law defamation arising out allegedly false information in a criminal record search concerning Plaintiff, and that Defendant acted knowingly, intentionally and wrongfully in providing and disclosing said information.

3. Upon information and belief, Plaintiff, at the time of the commencement of the state court action, was a citizen of the State of Ohio. Plaintiff's Complaint is based on information in a report allegedly provided to Pebble Creek Apartments located in Twinsburg, Ohio.

4. Defendant, SafeRent, is and was, at the time of the commencement of the state court action, a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Rockville, Maryland. Hence, Defendant, SafeRent, is not and was not, at the time of the commencement of the state court action, a citizen of the State of Ohio.

5. The amount in controversy as alleged exceeds $75,000, as evidenced by Plaintiff's Complaint wherein Plaintiff requests, *inter alia*, (1) actual compensatory damages; (2) potential punitive damages for alleged intentional wrongful acts; (3) injunctive relief; and (4) attorney's fees. *See* Exhibit "A" (Complaint) at p. 5. *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005) (it is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount); *Wagner v. Ohio Bell Tel. Co.*, 673 F. Supp. 908, 910 (N.D. Ohio 1987) (compensatory and punitive damages may be summed to determine the amount in controversy for diversity cases); *see also White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003) (amount in controversy requirement satisfied based on "lengthy list of compensatory and punitive damages sought by [plaintiff], when combine with attorney's fees"); *Hayes v. Equitable Energy Resources Company*, 266 F.23 560, 572 (6th Cir. 2001) (punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered). These aggregated damages are sufficient to satisfy the jurisdictional requirement of amount in controversy. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1939) (a diversity suit should not be dismissed unless "it is apparent, to a legal certainty, that the plaintiff cannot recover [the requisite amount in controversy]).

6. The circumstances surrounding Plaintiff's allegations are sufficient to satisfy the amount in controversy, even though the Complaint does not specify the amount of damages sought. A defendant has a lower burden of proof to establish the amount in controversy where a Plaintiff does not specify an amount of damages. *See Gafford v. General Electric Company*, 997 F.2d 150 (6th Cir. 1993) (the defendant was not required to show damages to a legal certainty when an unspecified amount of damages was at issue; but rather, the standard was held to be a preponderance of the evidence).

7. The filing of this notice is timely. The thirty (30) day period for removal has not yet expired since Defendant, SafeRent, first received a copy of the Complaint on July 9, 2007. *See* Exhibit "A" (Summons and Complaint).

8. In compliance with 28 U.S.C. § 1446(a), a copy of the Notice of Filing of Notice of Removal that will be filed with the Ohio State Court (Court of Common Pleas of Cuyahoga County) pursuant to 28 U.S.C. § 1446(d) is attached hereto as Exhibit "B."

9. Because complete diversity exists between Plaintiff and Defendant, SafeRent, and the amount in controversy alleged exceeds the jurisdictional amount set by 28 U.S.C. § 1332, this Court is vested with subject matter jurisdiction.

10. Defendant, SafeRent, has not previously sought similar relief in this case. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

11. The only state court pleadings so far in this action are the Summons and Complaint. Therefore, all state court pleadings in this matter are indexed in Exhibit "A."

## CONCLUSION

12. Because this Court has original, diversity jurisdiction over this action and Defendant has satisfied the procedural requirements for removal, removal of this action the United States District Court for the Northern District of Ohio is proper.

**WHEREFORE**, Defendant, SafeRent, Inc., requests this action be immediately removed to the United States District Court for the Northern District of Ohio, and that no further proceedings be had in the Court of Common Pleas of Cuyahoga County, Ohio.

Respectfully submitted,

BUCKINGHAM, DOOLITTLE & BURROUGHS, LLP

By: _____
Douglas J. Paul, Esq. (0015556)
dpaul@bdblaw.com
1375 East Ninth Street, Suite 1700
Cleveland, OH 44114
(216) 621-5300
(216) 621-5440 (fax)

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

A copy of the foregoing Notice of Removal was served by ordinary U.S. Mail this 6th day of August, 2007, upon the following:

>   Lester S. Potash, Esq.
>   1717 Illuminating Building
>   55 Public Square
>   Cleveland, OH 44113
>
>   ATTORNEY FOR PLAINTIFF

Douglas J. Paul

«CL2:317329_v1»