# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **JOHN DOE,** ) | Case No. 1:07 CV 2405 |
| ) | |
| Plaintiff, ) | |
| ) | Judge Dan Aaron Polster |
| vs. ) | |
| ) | |
| **SAFERENT, INC.,** ) | **ORDER OF REMAND** |
| ) | |
| Defendant. ) | |

On July 3, 2007, Plaintiff John Doe filed the above-captioned case against Defendant SafeRent, Inc. in the Court of Common Pleas, Cuyahoga County, Ohio under Case No. CV 07 628912. The complaint alleged that Plaintiff filled out an application to rent an apartment; the application asked whether the applicant had ever been convicted of a criminal offense; and Plaintiff responded that he had not (in fact, Plaintiff had been convicted of a criminal offense in 1991, which offense was expunged in 2001). *See generally ECF No. 1, Ex. A*. The apartment complex extended an offer of tenancy to Plaintiff conditioned upon the information obtained from a resident screening report. *Id*. The apartment complex contracted with SafeRent to perform such resident screening. *Id*. Saferent reported Plaintiff's 1991 conviction to the apartment complex which, in turn, rescinded its offer of tenancy to Plaintiff on the basis that he had falsified information on his application. *Id*. Following this incident, Plaintiff filed this case against SafeRent alleging that SafeRent unlawfully disclosed personal information about him, invaded his privacy and defamed him – all state-law claims.

On August 6, 2007, SafeRent removed the case to federal court based on original diversity jurisdiction. In its notice of removal, SafeRent alleged that the amount in controversy exceeded the jurisdictional threshold of $75,000 because Plaintiff sought actual compensatory damages, "potential" punitive damages, injunctive relief and attorney fees. *ECF No. 1* ¶ 5. Shortly thereafter, SafeRent filed a "Rule 12(b)(6) Motion to Dismiss and Rule 12(e) Motion for More Definite Statement" asserting, among other things, that "Plaintiff seeks damages resulting from Defendant's alleged conduct; however, it is not clear from the Complaint on what basis Plaintiff believes to be entitled to such alleged damages." *ECF No. 5*, at 1.

After reviewing the record, the Court perceived a possible problem with subject matter jurisdiction since it was questionable whether the amount in controversy exceeded $75,000. Accordingly, the Court held a teleconference with counsel of record on August 14 and 22, 2007 to express its jurisdictional concern. The Court quickly ascertained that Plaintiff was able to find a place to live shortly after the alleged incident; therefore, actual damages were relatively insignificant. Moreover, there was nothing in the allegations to suggest a large punitive damages award relative to the amount of actual damages. Counsel for Plaintiff agreed, and stipulated that the total damages were less than $75,000. Because the amount in controversy is less than $75,000, the Court has no diversity jurisdiction over this purely state-law case.

Accordingly, the Clerk of Court is hereby **ORDERED TO REMAND** this case to the Cuyahoga County Common Pleas Court.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     August 22, 2007*
**Dan Aaron Polster**
**United States District Judge**